UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14126-CIV-ROSENBERG/MAYNARD

**NACHELLE K. JORDAN,**

    **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 23)

This cause comes before the Court on Plaintiff's Motion for Summary Judgment, DE 23, and Defendant's Response to the Motion, DE 26. Upon consideration of the briefing and the record, and having held a hearing thereon, this Court recommends that Plaintiff's Motion, DE 23, be **GRANTED.**

## BACKGROUND

This case involved a determination of Plaintiff Nachelle K. Jordan's ("Plaintiff") application for supplemental security income ("SSI") filed on July 13, 2017. R.[1] 20. In her application, Plaintiff alleged disability beginning on March 24, 2017 due to diabetes, high blood pressure, knee problems, depression, obesity, and anger issues. *See* R. 272, 280. After Plaintiff's application was denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). R. 141, 165, 185. A hearing was held on March 18, 2019.

---

[1] References to "R. –" are to pages of the transcript of the administrative record filed at DE 21. The page numbers correspond to the sequential numbers at the lower right corner of the record and not the page numbers assigned by the court's electronic filing system.

R. 39. Plaintiff, represented by counsel, testified. R. 39-40, 43-56. Vocational Expert ("VE") Joyce Fulbright also testified. R. 40, 57-60.

On May 6, 2019, the ALJ issued an unfavorable decision finding that the Plaintiff was not disabled as defined by the Social Security Act. R. 20-33. The ALJ noted that Plaintiff was born on May 25, 1991 and was 26 years old on the date the application was filed. R 32. The ALJ noted also that Plaintiff had two prior applications for SSI that were denied after unfavorable ALJ decisions issued in June 25, 2010 and May 27, 2015, respectively. R. 20. Although Plaintiff worked after her alleged onset date, the ALJ found that this work did not rise to the level of substantial gainful activity. R. 22. The ALJ determined that Plaintiff had the severe impairments of diabetes, depression, personality disorder, and obesity. R. 23. He did not find Plaintiff's other impairments, including hypertension, asthma, substance abuse, or knee problems, to be severe. *Id*. Upon consideration of the record, the ALJ determined that Plaintiff had the residual functional capacity to perform medium work as defined in 20 CFR § 416.967(c), with certain exceptions and limitations. R. 26. The ALJ determined that Plaintiff could understand, remember, carryout, and perform simple routine tasks and instruction, that she could have occasional contact with the public, and could tolerate occasional changes in the work setting. *Id*. The ALJ found that Plaintiff had limited education and no past relevant work. R. 32. Finally, the ALJ found that Plaintiff could hold the following positions: cleaner II, hand packager, and press tender. *Id*. Ultimately, the ALJ concluded that Plaintiff was not disabled. R. 33.

Plaintiff requested administrative review of the ALJ's decision. R. 242-43. The Appeals Council denied Plaintiff's request, R. 1-3, consequently rendering the ALJ's decision "final." 42 U.S.C. § 405(g); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Plaintiff now seeks

judicial review of the ALJ's decision in this case. Plaintiff has exhausted her administrative remedies and, as such, this case is ripe for review under 42 U.S.C. § 1383(c).

## STANDARD OF REVIEW

A district court court's review of the Commissioner's decision is limited to determining whether the decision as a whole is supported by substantial evidence in the record. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is defined in this context as relevant evidence which a reasonable person would accept as adequate to support the conclusion reached. *Williams v. Astrue*, 416 F. App'x 861, 862 (11th Cir. 2011); *see also Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than preponderance") (quoting *Bloodworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, considering evidence favorable as well as unfavorable to the Commissioner's decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). If the Commissioner's decision is found to be supported by substantial evidence, then the reviewing court must affirm the decision, even if proof preponderates against it. *Dyer*, 395 F.3d at 1210. It is not the place of the reviewing court to reweigh the evidence or substitute its judgment for that of the Commissioner. *Id*.

A claimant must be "disabled" to be eligible for SSI. A claimant is disabled if she is unable to "engage in any substantial activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A "physical or mental impairment" is one that "results from anatomical, physiological or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic

techniques." 42 U.S.C. § 1382c(a)(3)(D). A claimant bears the burden of proving that he is disabled. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); 20 C.F.R. §§ 404.1512(a), 416.912(a).

The Social Security Regulations require the ALJ to undertake a five-step, "sequential" evaluation process for determining whether a plaintiff is disabled. At step one, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the ALJ determines the plaintiff is engaging in substantial gainful activity, then he or she is not disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). At step two, the ALJ must determine whether the plaintiff suffers from a medically determinable impairment, or a combination of medically determinable impairments that is "severe". 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is "severe" within the meaning of the regulations if it significantly limits a plaintiff's ability to perform basic work activities. An impairment is "not severe," however, when medical or other evidence establish just slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on a plaintiff's ability to work. *Id*. at §§ 404.1522, 416.922; Social Security Rulings ("SSRs") 85-28, 16-3p. At step three, the ALJ must determine whether the plaintiff's impairment(s) meet or equal the criteria of an impairment listed under 20 C.F.R. §§ 404, Subpart P, Appendix 1. If so, the plaintiff is considered disabled; if not, then the analysis proceeds to step four. Step four is a two-prong process where the ALJ must assess: (1) the plaintiff's residual functional capacity ("RFC") and (2) the plaintiff's ability to return to his or her past work. The regulations define RFC as the most a plaintiff can still do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Once the ALJ determines the RFC, the ALJ must determine whether the plaintiff has the RFC to perform any past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the plaintiff

can return to his or her past relevant work, then the plaintiff is not disabled. If the plaintiff cannot perform past relevant work, then a prima facie case of disability is established and the analysis proceeds to step five where the burden shifts to the Social Security Administration to show that there is other work in the national economy that the plaintiff can perform. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). The ALJ considers the plaintiff's RFC, age, education, and work experience to determine whether the plaintiff is capable of adjusting to other work. If the plaintiff can make an adjustment to other work that exists in the national economy, then the plaintiff is not disabled. If not, the plaintiff is considered disabled. 20 C.F. R. §§ 404.1520(g), 416.920(g).

## DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ in this case proceeded through the five-step analysis as follows: At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 13, 2017. R. 22. At step two, the ALJ found that Plaintiff had the following severe impairments: diabetes, depression, personality disorder, and obesity. R. 23. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. R. 24. At step four, the ALJ found that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 416.967(c) except that she could understand, remember, carry out, and perform simple routine tasks and instruction. The claimant could have occasional contact with the public and could tolerate occasional changes in the work setting.

R. 26. The ALJ determined that Plaintiff had no past relevant work, R. 32, but possessed the capability to perform the requirements of representative occupations such as cleaner II, DOT Job Code 919.687-014, for which there are approximately 36,000 positions that exist in the national economy; hand packager, DOT Job Code 920.587-018, for which there are approximately 86,000

positions that exist in the national economy; and press tender, DOT Job Code 556.685-066, for which there are approximately 52,000 jobs existing in the national economy. R. 32-33. The ALJ noted that all of these positions are medium in exertional level, unskilled in nature, and have an "(SVP)" of 2.[2] R. 33. Based on the VE's testimony, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. *Id*. Accordingly, Plaintiff was not disabled within the meaning of the Social Security Act from July 13, 2017 through the date of the ALJ's decision. R. 33.

## DISCUSSION

Plaintiff argues that the ALJ's decision was not supported by substantial evidence for three reasons: First, the ALJ erred in evaluating the medical opinions of the state agency non-examining psychological consultants, who opined that Plaintiff had moderate limitations in carrying out detailed instructions. DE 23 at 6-8. Second, the ALJ erred by not properly evaluating and accounting for Plaintiff's severe impairment of obesity. *Id.* at 8-10. Finally, the ALJ erred at step five by failing to resolve an apparent inconsistency between the testimony of the Vocational Expert (VE) and the Dictionary of Occupational Titles (DOT). *Id.* at 10-17. Upon review of the record, the Court agrees with Plaintiff that the ALJ's decision is not supported by substantial evidence and remand is warranted in this case.

Because the issues presented by Plaintiff's first and third arguments are related, the undersigned considers Plaintiff's claims in a different order than they are presented and begins by addressing Plaintiff's last argument first. Plaintiff contends that the ALJ erred at step five by not resolving an apparent inconsistency between the VE's testimony and the DOT. DE 23 at 10-17. The ALJ limited Plaintiff's RFC to medium work as defined in 20 CFR 416.967(c) except that

---

[2] Specific Vocational Preparation or SVP refers to a job's skill level. Jobs with SVP ratings of 1 or 2 are considered unskilled.

Plaintiff could "understand, remember, carry out, and perform simple routine tasks and instruction." R. 26. In other words, the ALJ limited Plaintiff to "simple routine tasks" and "simple routine instruction." Plaintiff says these limitations are inconsistent with the jobs the VE identified (cleaner II, hand packager, and press tender) because those jobs require a reasoning level of two under the DOT. The DOT groups jobs based on their similarities and defines the structure and content of all listed occupations. *See* Dictionary of Occupation Titles app. c (4th ed., rev. 1991). The DOT describes a reasoning level one as being able to "apply commonsense understanding to carry out simple one-or two-step instructions" and "deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App'x C, 1991 WL 688702. The DOT describes a reasoning level two as being able to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "deal with problems involving a few concrete variables in or from standardized situations." *Id*. The DOT describes a reasoning level three as being able to "apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "deal with problems involving several concrete variables in or from standardized situations." *Id*. Plaintiff argues that her limitation to "simple routine tasks" and "simple routine instruction" conflicts with reasoning level two jobs, which require the ability to carry out "detailed but uninvolved" oral and written instructions. DE 23 at 14.

In *Washington v. Commissioner of Social Security*, the Eleventh Circuit explained how an ALJ should handle apparent conflicts between a VE's testimony and information in the DOT. 906 F.3d 1353, 1361 (11th Cir. 2018). Any apparent conflict between the two must be identified and resolved by the ALJ. *Washington*, 906 F.3d at 1361; *see also* SSR 00-4P (S.S.A. Dec. 4, 2000). "[T]he ALJ must not only 'identify . . . any conflicts,' but also explain any discrepancy and detail

in the decision how the discrepancy was resolved." *Washington*, 906 F.3d at 1362 (quoting SSR 00-4P (ellipses in original)). The ALJ is expected "to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id*. at 1363. An "apparent conflict" is one that is "reasonably ascertainable or evident from a review of DOT and the VE's testimony." *Id*. at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id*. Failing to identify and resolve apparent conflicts is a breach of the ALJ's duty under SSR 00-4P to fully develop the record and provide a reasonable resolution of the claim. *Id*. at 1366.

Plaintiff argues that the ALJ erred under *Washington v. Commissioner of Social Security*, 906 F.3d 1353 (11th Cir. 2018), by not identifying and resolving an apparent conflict between Plaintiff's ability to remember, carry out, understand and perform "simple routine tasks and instruction" and the VE's testimony that Plaintiff could perform reasoning level two jobs. Since this limitation in Plaintiff's RFC has two components – "simple routine tasks" and "simple routine instruction" – this issue must be considered in two parts: (1) whether a limitation to "simple routine tasks" is apparently inconsistent with reasoning level two jobs and (2) whether a limitation to "simple routine instructions" is apparently inconsistent with reasoning level two jobs. Until recently, courts in this Circuit were split on both questions. The Eleventh Circuit appears to have now resolved both issues.

In reaching its holding in *Valdez v. Commissioner of Social Security*, the Eleventh Circuit stated that a limitation to simple, routine, and repetitive tasks is not inconsistent with DOT reasoning level two work. 808 F. App'x 1005, 1009 (11th Cir. 2020). In *Valdez*, the plaintiff argued that the ALJ erred in concluding that he could perform a job with a reasoning level of three

because the ALJ had limited the plaintiff to simple, routine, and repetitive tasks. *Id*. at 1007-08. In responding to this argument, the Eleventh Circuit stated:

> We haven't decided the issue Valdez raises here – whether a limitation to simple, routine, and repetitive work is inconsistent with a job that requires a reasoning level of three. But it is unnecessary to decide it because, <u>even if Valdez was not able to work as an order clerk, the ALJ still concluded that he could perform two other jobs: lens inserter, which has a reasoning level of one, *see* DOT 713.687-026, and lens-block gauger, which has a reasoning level of two, see *id*. 716.687-030. Valdez has not argued that these jobs are inconsistent with his residual functional capacity, and they are not.</u> Thus, any error pertaining to the ALJ's conclusion that he could work as an order clerk is harmless because there are other jobs he is qualified to do even in light of his residual functional capacity, age, education, and work experience.

*Id.* at 1009 (emphasis added). Plaintiff contends that the statement in *Valdez* that a person limited to simple, routine tasks can still perform a reasoning level two job is *dicta* of limited persuasive value, DE 23 at 15, however several federal courts have recently concluded otherwise. *See*, *e.g.*, *Fletcher v. Saul*, No. 19-CV-01476, 2020 WL 4188210, at *1 (M.D. Fla. July 21, 2020) (recognizing that *Valdez* "determines that no apparent conflict [with the DOT] exists between a limitation to a 'simple' task and a finding that the petitioner can perform a job with a reasoning level of two"); *Garrow v. Saul*, No. 19-CV-00586, 2020 WL 5802493, at *7 (M.D. Fla. Aug. 19, 2020), *report and recommendation adopted*, 2020 WL 5797867 (M.D. Fla. Sept. 29, 2020) (relying on *Valdez* to find no apparent conflict between a limitation to simple, routine and repetitive tasks and a reasoning level of two); *Green v. Saul*, No. 19-CV-02021, 2020 WL 5743185, at *9 - 10 (M.D. Fla. Sept. 25, 2020) (same); *Matos v. Saul*, No. 20-20615-CIV, 2021 WL 1092293, at *20 (S.D. Fla. Feb. 19, 2021), *report and recommendation adopted*, 2021 WL 1090693 (S.D. Fla. Mar. 22, 2021) (same). *But see Poland v. Comm'r of Soc. Sec.*, No. 19-CV-01363, 2020 WL 3073772, at *3 (M.D. Fla. June 10, 2020) (describing this statement in *Valdez* as *dicta*). These cases also accord with a decision by the Fourth Circuit finding no conflict between level two

reasoning and a limitation to "simple, routine, repetitive tasks." *Lawrence v. Saul*, 941 F.3d 140, 141-44 (4th Cir. 2019). Given the weight of the case law, the undersigned similarly finds no apparent conflict between Plaintiff's limitation to "simple, routine tasks" and a reasoning level of two.

Next, the Court considers whether reasoning level two conflicts with "simple, routine instruction." In a prior case, *Buckwalter v. Saul*, the undersigned held that there is no apparent conflict between a limitation to simple instructions and performing jobs that require a reasoning level of two. No. 18-14506-CIV, 2019 WL 4277487, at *10-12 (S.D. Fla. Sept. 10, 2019). The plaintiff in that case, Cynthia Buckwalter, suffered from bipolar disorder and depression. Although finding at step four that the plaintiff could only understand, carry-out and remember simple instructions, the ALJ nevertheless denied plaintiff's application based on a VE's testimony that a person with plaintiff's limitations could perform jobs with a reasoning level of two. Ms. Buckwalter argued that the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT. *Id.* at *10. The undersigned rejected this argument. *Id.* at *12. The Eleventh Circuit recently affirmed the undersigned's conclusion, joining the Fourth and Eighth Circuits in holding that there is no apparent conflict between being limited to simple instructions and being able to perform jobs that require "detailed but uninvolved" instructions as reasoning level 2 requires. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1134-36 (11th Cir. 2021). Although describing it is a "close question," the Eleventh Circuit found that simple instructions and "detailed but uninvolved" instructions can be readily reconciled. *Id*. at 1134. The Court explained that "[a]lthough there is potentially tension between [Ms.] Buckwalter's limitations to simple instructions and reasoning level two, that tension does not rise to the level of an 'apparent' conflict

as we have defined it." *Id*. (citing *Washington*, 906 F.3d at 1366 (defining "apparent" as "reasonably ascertainable or evident")).

> The primary difference between levels one and two is the *length* of the instructions – not the complexity. While level one specifies that the instructions must be "simple," level two similarly specifies that they must be "uninvolved." Merriam-Webster defines "simple" as "readily understood or performed;" it defines "uninvolved" as "not involved," meaning not "marked by extreme and often needless or excessive complexity." "Simple" is listed as an antonym for "involved." Accordingly, the difference between levels one and two lies in the *length* of the instructions, with level one being limited to one- or two-step instructions, and level two not being limited in length. This interpretation is confirmed by the description of level three, which lifts the restriction on how complex the instructions can be – allowing for any "instructions."

*Id*. at 1135. In other words, reasoning level two jobs involve instructions that are simple (*i.e.*, not complex), but lengthier. In light of this holding, Plaintiff's argument that the ALJ erred under *Washington* by not resolving an apparent conflict between simple instructions and reasoning level 2 is due to be denied.

Although the ALJ did not err at step five as Plaintiff contends, the preceding discussion raises questions about whether the ALJ's RFC is supported by substantial evidence since some of the medical evidence suggests that Plaintiff is also not capable of following detailed instructions. As Plaintiff's points out in her first claim, two state agency non-treating psychologists—Drs. Byron Pack, Ph.D., and Angeles Alvarez-Mullin, M.D.—opined that Plaintiff would have moderate difficulty following detailed instructions. DE 23 at 7; R. 137-38, 160-61. Their opinions were based on evidence in the record that Plaintiff had difficulty following written instructions, needed spoken instructions repeated a few times, had a short attention span, and experienced difficulty with task completion. *E.g.*, R. 130, 133-34, 148, 156. Plaintiff also has a history of ESE classes,[3] had previous WISC and WIAT scores in the Borderline Intellectual Functioning range,

---

[3] In Florida, children with disabilities who need specially designed instruction and related services are called exceptional students. The special help they are given at school is called exceptional student education, or "ESE."

and subsequently tested in the Intellectual Disability range. R. 156. One face to face interviewer said she could tell Plaintiff could not read because Plaintiff "skimmed applications quickly as if she was reading and then put them away." R. 130, 156.

With respect to the opinions of Drs. Pack and Alvarez-Mullin regarding Plaintiff's psychological limitations, the ALJ stated:

> The undersigned finds that the opinions of the State Agency consultants are partially persuasive. (Ex. C5A, C8A). The undersigned acknowledges that these consultants did not have a treating or examining relationship with the claimant. Nor did they have the opportunity to review the complete medical evidence, personally observe the claimant's presentation at an administrative hearing, or listen to her testimony. Nonetheless, relying on the overall record, including the claimant's testimony at the hearing, and additional medical evidence received at the hearing level, the undersigned finds that the opinions of the State Agency's psychological consultants are generally consistent with the overall objective evidence of record. However, the preponderance of all the evidence supports that the claimant has greater limitations in her ability to understand, remember, or apply information, interact with others, and adopt or manage oneself, then those found by the consultants. . . . The undersigned has considered that all the consultants are specialists in their respective fields and are familiar with the definitions and evidentiary standards used by the Agency. Therefore, based on the preponderance of all the evidence and the qualifications of the consultants, the undersigned finds these opinions are partially persuasive.

R. 31. Thus, while the ALJ believed Plaintiff had greater limitations in certain areas than what the state agency consultants acknowledged, he did not expressly disagree with their opinions concerning Plaintiff's limitations in concentration, persistence, and pace, which includes consideration of Plaintiff's ability to carry out detailed instructions. The ALJ therefore appears to have credited the state agency consultants' opinions and evidence in the record about Plaintiff's difficulty following detailed instruction.

Having apparently embraced the state agency consultants' opinions that Plaintiff had moderate difficulty following detailed instructions, it is unclear why the ALJ did not include a

---

Florida Department of Education, *What Is Exceptional Student Ed. for Children with Disabilities?*, https://www.fldoe.org/core/fileparse.php/7674/urlt/0064541-ese2011.pdf (last visited Jul. 6, 2021).

limitation in Plaintiff's RFC regarding her ability to follow detailed instructions. It may be that the ALJ attempted to do so by limiting Plaintiff to simple tasks and simple instructions. As the preceding discussion shows, however, those limitations are not necessarily incompatible with performing jobs requiring detailed instructions.[4] It is also possible that the ALJ concluded that Plaintiff's impairment in this area did not warrant any additional limitations since the State agency consultants found only moderate impairment (not marked or extreme) in Plaintiff's ability to follow detailed instructions. Since "[n]o court should be forced to engage in speculation as to the reason for an ALJ's decision," *Williams v. Bowen*, 664 F. Supp. 1200, 1207 (N.D. Ill. 1987) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)), the undersigned recommends that remand is appropriate. As it stands, the undersigned cannot say the ALJ's decision is supported by substantial evidence since the record shows Plaintiff has difficulty following detailed instructions and the jobs identified by the VE require the ability to carry out detailed, though uninvolved, instructions. *See Buckwalter*, 997 F.3d at 1136 (noting that evidence in the record suggesting that the plaintiff was not capable of following detailed instructions might have been relevant to determining her limitations in her RFC, but declining to address the issue since the plaintiff did not raise it on appeal). Because the undersigned finds remand is warranted on this basis, Plaintiff's argument about the ALJ's evaluation of her obesity need not be addressed. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgement (DE 23) be **GRANTED**.

---

[4] In light of the Eleventh Circuit's opinion in *Buckwalter*, an ALJ would need to limit a claimant to "short, simple instructions," not just "simple instructions," to address an inability to follow detailed instructions.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a de novo determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988). <u>Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.</u>

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 6th day of July, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE